PEOPLE, PLAINTIFF AND APPELLEE, *v.* PÉREZ ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Arecibo in a Prosecution for Incendiarism.

No. 1762.—Decided June 2, 1922.

INCENDIARISM—INFORMATION—OBJECTION—BILL OF PARTICULARS.—An objection to the information in the nature of a request for a bill of particulars comes too late when made at the moment of the trial.

ID.—ID.—BURNING OF GROWING OR STANDING CROP.—As the information in this case charged that the defendants set fire to a sugar cane plantation belonging to a certain person, "succeeding in burning a certain amount of said cane plantation," it is necessary to conclude that it sufficiently alleged the malicious burning of a "growing or standing crop" within the meaning of section 407 of the Penal Code.

ID.—ARSON.—The crime of incendiarism (misdemeanor) defined in section 339 of the Penal Code is not necessarily included within the crime of arson (felony) defined by section 407 of the same code.

ID.—ID.—In this case it was held that the evidence examined, although circumstantial, was sufficient to justify a verdict of guilty.

ID.—ID.—DEGREES OF CRIME.—Section 407 of the Penal Code does not divide the crime of arson therein defined and penalized into different degrees.

ID.—ID.—EVIDENCE.—In this case some of the witnesses saw the defendants committing the crime. The testimony of another witness who saw the defendants near the plantation before the fire was objected to. *Held:* That that testimony was a part of a chain of circumstantial evidence proper to go to the jury.

The facts are stated in the opinion.

*Messrs. J. Soto Rivera* and *P. Santana, Jr.,* for the appellants.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This was a case wherein the defendants waited until the jury was summoned and sworn to raise objections to the information, a practice we have steadily discouraged. The objection to the information was in the nature of a request for a bill of particulars and such a request comes too late at the moment of the trial. *People* v. *Parkhurst,* 29 P. R. R. 856. Of course, the court has a discretion to entertain such a motion and the court apparently excersised it, for it denied the motion for greater particularity in a reasoned decision. The defence also presented a demurrer at the trial which was heard by the court.

The court overruled the demurrer. The assignments of error with regard to the sufficiency of the information may be considered together. They were so presented by appellants. Section 407 of the Penal Code is as follows:

"Section 407.—Every person who wilfully and maliciously burns any bridge exceeding in value fifty dollars, or any building, or vessel, not the subject of arson, or tobacco or tobacco sheds, or any growing or standing crop, grass or tree, or any fence, not the property of such person, is punishable by imprisonment in the penitentiary for not less than one nor more than ten years."

The information, after an appropriate introduction, set up that the defendants "set fire to a sugar cane plantation" of a certain named person, "succeeding in burning a certain amount of said cane plantation." We are concerned with the words "or any growing or standing crop" and whether the burning of such a crop has been duly charged in the information. Appellants in their brief confine themselves to saying the information does not show that a growing or standing crop was burned and to citing the case of *People* v. *Wys,* 25 P. R. R. 473. All that case decides for our present purpose is that

in many cases it is not sufficient to follow the words of the statute. The complaint of the appellants is, if we understand them, that the information did not follow the statute and did not describe a growing or standing crop. We find it did. When the information says that defendants set fire to and burned a plantation of cane, we think the ordinary understanding of these words would be a growing or standing crop; that the plantation had cane on it.

At the hearing appellants suggested that it might have been an uncultivated field. The very general rule is that an uncultivated field is not a cane plantation. The idea that the property burned was a field of cane is aided by the words in the information that the defendant succeeded in burning a certain amount of the fields of sugar cane. The object of an information for arson and the like being to apprise defendants of the kind of property and particular property burned, the defendants in this case did not go to trial under any misapprehension that they might be tried for burning, say, an uncultivated field. Under the information as we understand it, the burning of a field without cane would have shown a clear variance.

Rafael B. Díaz was examined by the *fiscal* and some of his testimony was made the subject of objection. What this testimony was or its substance is not mentioned in the brief, nor does the appellants even refer us to the page of the record on which his statement is to be found. Evidently counsel relied on this court not only to search the record, but to re-read it to find the facts leading up to the alleged error. This was a case where some witnesses saw persons setting fire to cane and identified one or more of them. Others placed them near the same plantation as of a time before or after the crime. The witness Rafael B. Díaz gave testimony of this sort. It was part of a chain of circumstantial evidence proper to go to the jury. In certain cases such testimony might be too remote, but counsel have not shown us such remoteness in this case.

Appellants complain of the refusal of the court to instruct the jury that they might find a misdemeanor as charged in section 339 of the Penal Code as follows:

"Section 339.—Every person who wilfully or negligently sets on fire, or causes or procures to be set on fire, any goods, grasses or shrubbery or other property, on any lands, is guilty of a misdemeanor."

The burning of a tree, or perhaps of an uncultivated field might have been the crime charged in section 339. Under section 407 the burning must be of the property described therein or else no crime is charged. We find nothing in the chapter on arson to show that the two crimes are different degrees of the same offense, or that the misdemeanor could be considered as included in the felony.

The fifth error relates to the instructions, but turns on the same question that was involved in the attack on the information.

The sixth error concerns the sufficiency of the evidence. In a case of circumstantial evidence for arson it is generally impossible to say which of the defendants did the burning, but there was evidence tending to show that all four defendants engaged in a common enterprise and were seen together in a Ford car before and after the burning, which was specifically described along with other circumstances. We find that each of the defendants was identified and several identified Marrero of whose complicity or presence it is main- tained there was no evidence. A part of the argument of the appellants here relates to the same question of whether there was evidence or instructions of "growing or standing crops." One witness at least gave testimony that the cane in question was growing and to be cut, and when the defense asked for a view there was a solemn admission that growing cane (*cepas de caña*) had been burned. We find that there was sufficient

evidence to submit to the jury and no reason to suspect them of prejudice. .

The jury found the defendants guilty of "arson" and did not specify the grade, of which appellants complain. Section 407 of the Penal Code is included in the chapter on "Arson" They were charged with a particular form of arson. Likewise we hold that section 407 described a specially defined form of arson, but that the division into degrees came under the more usual or general definition of arson relating to buildings. Section 407 prescribed a different punishment and no intention is revealed to divide that particular crime into degrees.

These are all the alleged errors that need be noticed and the judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.